# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2023

Lyle W. Cayce
Clerk

No. 23-20116
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANURAG DASS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-649-2

_____

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Anurag Dass pleaded guilty of aiding and abetting the receipt of a $7,710 healthcare kickback and one count of money laundering and was sentenced to 24 months of imprisonment, two years of supervised release, and restitution of $2,242,89. The district court also ordered her to pay forfeiture of $500,000 and imposed a money judgment of $928,621.16. In her first direct appeal, this court affirmed the $500,000 forfeiture but vacated and

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

remanded for recalculation of the money judgment and entry of a corrected order. *United States v. Dass*, No. 22-20025, 2023 WL 1529713, 1-2 (5th Cir. Feb. 3, 2023). On remand, the government moved for a corrected order reflecting the forfeiture of the seized $500,000 and omitting the personal money judgment. The district court entered a corrected order of forfeiture, and Dass appealed.

The government filed a motion to dismiss Dass's appeal as barred by the appeal waiver in her plea agreement. This court denied the motion in part as to Dass's claim that her guilty plea was unknowing and involuntary and ordered that the motion to dismiss her remaining claims be carried with the case.

The government asserts that Dass waived the claims she raises in this appeal by not raising them in her first appeal. Under the mandate rule, which is a specific application of the law of the case doctrine, the district court may not revisit "an issue of law or fact previously decided on appeal and not re-submitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006). Thus, "as a general rule, only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (internal quotation marks and citation omitted). "All other issues not arising out of this court's ruling and not raised in the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court." *Id.* at 323 (internal quotation marks and citation omitted).

The instant appeal after remand is limited to issues arising from the corrected forfeiture order. *See Lee*, 358 F.3d at 323. Because this court affirmed the $500,000 forfeiture in the first appeal, Dass may not challenge it in this appeal. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir.

No. 23-20116

2002). Dass waived the issues currently raised in her second appeal by failing to raise them in her first direct appeal. *See Lee*, 358 F.3d at 323.

Accordingly, the judgment is AFFIRMED. The government's motion to dismiss and its alternative motion for an extension of time to file a brief are DENIED.